# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DENISCHA HARVESTER,

        Plaintiff,

    -vs-                                                                        Case No. 11-C-992

MICHAEL J. ASTRUE,
**Commissioner of Social Security,**

        Defendant.

# DECISION AND ORDER

Denischa Harvester, a minor at the time of her application, appeals the Social Security Commissioner's denial of disability benefits. The Administrative Law Judge found that Harvester's severe impairments are adjustment disorder, borderline intellectual functioning and obesity. The ALJ denied benefits after concluding that Harvester does not have an impairment or combination of impairments that meets or medically equals a listed impairment, nor do her impairments meet the standard for functional equivalence.

On review, the Court will overturn the Commissioner's final decision only if it lacks support by substantial evidence, is grounded in legal error, or is too poorly articulated to permit meaningful review. *Hopgood ex rel. L.G. v. Astrue*, 578 F.3d 696, 699 (7th Cir. 2009). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Powers v. Apfel*, 207 F.3d 431, 434 (7th Cir. 2000). The Court views the record as a whole but does not reweigh the evidence or substitute its judgment for that of the ALJ. *Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000). The ALJ

is not required to address every piece of evidence or testimony presented, but must provide a "logical bridge" between the evidence and his conclusions. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

In his opinion, the ALJ mentioned one listing, the listing for mood disorders (Section 112.04). He then cited the testimony of Dr. James Armentrout, who testified that plaintiff's condition did not meet or medically equal any listed impairment. This is insufficient to meet the Commissioner's burden with regard to the listings. Harvester's impairments (both severe and non-severe) implicate a variety of other listings, and even though there is no listing for it, obesity still must be considered in combination with plaintiff's other impairments. SSR 02-1p, 2000 WL 628049 (S.S.A. Sept. 12, 2002). The ALJ cannot assume the absence of equivalency without any relevant discussion. *Barnett v. Barnhart*, 381 F.3d 664, 671 (7th Cir. 2004); *see also Ribaudo v. Barnhart*, 458 F.3d 580, 583-84 (7th Cir. 2006); *Brindisi ex rel. Brindisi v. Barnhart*, 315 F.3d 783, 786 (7th Cir. 2003).

The ALJ also needed to make a credibility determination, but his opinion does not indicate how much weight, if any, he gave to the testimony of the plaintiff or her mother. *Brindisi* at 788 (discussing credibility evaluation of minor and her guardians). The ALJ referred to plaintiff's testimony as "most elucidating," R. 21, but much like the "not entirely credible" boilerplate that has been repeatedly criticized by the Seventh Circuit, this vague comment gives "no clue to what weight the trier of fact gave the testimony." *Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir. 2012). The Court agrees with the plaintiff that this error affected every stage of the ALJ's analysis. "The determination or decision must contain

specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, 1996 WL 374186, at *4 (S.S.A. July 2, 1996).

Finally, with respect to functional equivalence, the ALJ erred by giving improper weight to the fact that "with medications and therapy, [plaintiff's] condition improved dramatically and was predominantly stable." R. 20. A person who suffers from mental illness "will have better days and worse days, so a snapshot of any single moment says little about her overall condition." *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011). Moreover, the ALJ faults the plaintiff for not taking her medications, R. 19, but fails to confront "the difficulty of keeping patients on their medications" in the first instance. *Spiva v. Astrue*, 628 F.3d 346, 351 (7th Cir. 2010). In this respect, the ALJ appears to have cherry-picked evidence that supports a finding of non-disability while ignoring or discounting evidence that the plaintiff has severe manic episodes on a periodic but regular basis. *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010).

For the foregoing reasons, the Commissioner's denial of benefits is **REVERSED**, and this matter is **REMANDED** for further proceedings pursuant to 42 U.S.C. § 405(g) (sentence four). Dated at Milwaukee, Wisconsin, this 3rd day of July, 2012.

                                           **BY THE COURT:**

                                           *(signature)*
                                           **HON. RUDOLPH T. RANDA**
                                           **U.S. District Judge**